UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **EDCV 13-804-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Roberto Mejia Leveron v. Cynthia Tampkins, et al.** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | | |
|---|---|---|---|
| D. Castellanos | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS:  ORDER TO SHOW CAUSE

# I.
# Proceedings

On April 30, 2013, Roberto Mejia Leveron ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) While Plaintiff has lodged the Complaint for filing, he failed to pay the full filing fee of $350 and failed to submit an *in forma pauperis* application in order to proceed without payment of the full filing fee.

Further, in accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court examined the Complaint for the purpose of determining whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1).

On May 8, 2013, the Court issued an order to show cause ("OSC") on or before June 14, 2013, why Plaintiff should not be required to submit the required filing fee of $350. Alternatively, the Court allowed Plaintiff the opportunity to submit the filing fee to the clerk's office prior to that date or submit an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF No. 2.)

Further, the Court noted that, regardless of whether Plaintiff paid the filing fee, it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-804-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Roberto Mejia Leveron v. Cynthia Tampkins, et al.** | | |

appeared that the Complaint would be subject to dismissal on various grounds. The Court allowed Plaintiff until June 14, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint. The Court cautioned Plaintiff that his "[f]ailure to comply with the requirements of this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted, for failure to prosecute, and/or for failure to comply with a court order." (Id.)

On June 12, 2013, Plaintiff filed an *in forma pauperis* application and an amended Complaint. (ECF No. 3.)

The Court has examined the amended Complaint in accordance with the PLRA to determine whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1). Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

For the reasons set forth below, Plaintiff is again ordered to show cause why this matter should not be dismissed.

## II.
## Discussion

### A. Summary of Plaintiff's Allegations.

The named Defendants in the Complaint are as follows: (1) California Rehabilitation Center Norco ("CRC") Correctional Sergeant M. Fontaine; and (2) CRC LVN/RN Bauer. Defendant Fontaine is sued in his individual and official capacities. Plaintiff does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-804-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Roberto Mejia Leveron v. Cynthia Tampkins, et al.** | | |

state in what capacity Defendant Bauer is being sued. Plaintiff alleges violation of the Eighth Amendment to the United States Constitution based on the use of excessive force and deliberate indifference to his serious medical needs. He seeks damages and injunctive relief. (Compl. at 1-8.)

Plaintiff alleges that sometime on July 31, 2011, he was in the visiting room waiting for a visit. He further alleges that Defendant Fontaine abruptly terminated the visit, handcuffed Plaintiff tightly, and pushed Plaintiff into the bathroom door leaving him in pain. Plaintiff suffered a wrist injury and deep facial red marks as a result. (Id. at 5.)

Plaintiff was transported to the prison's medical facility after the incident. There, Defendant Bauer performed a medical evaluation documenting the fact that Plaintiff was bruised, had red marks on his face, and was bleeding around the wrist. However, Defendant Bauer did not take Plaintiff's vital signs and left him in pain. (Id. at 6.)

**B.      The Complaint Is Subject to Dismissal Based on Eleventh Amendment.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Immunity from suit under the Eleventh Amendment further extends to suits by citizens against their own state. Holz v. Nenana City Public School Dist., 347 F.3d 1176, 1180 (9th Cir. 2003). The United States Supreme Court has held that a suit against a state employee acting in his official capacity is tantamount to a lawsuit against the state. See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Furthermore, a § 1983 action may not be maintained against official capacity defendants because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

In the Complaint, Defendant Fontaine is sued in his individual and official capacities. Plaintiff does not state in what capacity Defendant Bauer is being sued. Plaintiff alleges constitutional violations for which he seeks damages and injunctive relief. (Compl. at 4, 8.) To the extent Defendants are being sued for damages in their official capacities, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-804-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Roberto Mejia Leveron v. Cynthia Tampkins, et al.** | | |

Eleventh Amendment bars such claims.

**C.    The Complaint Is Subject to Dismissal for Failure to State an Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim.**

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

Furthermore, the defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Prison officials violate their obligation by intentionally delaying access to medical care.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-804-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Roberto Mejia Leveron v. Cynthia Tampkins, et al.** | | |

Clement, 298 F.3d at 905 (quoting Gamble, 429 U.S. at 104-05).

In the Complaint, Plaintiff alleges that he was transported to the prison's medical facility after the incident with Defendant Fontaine.  There, Defendant Bauer performed a medical evaluation documenting the fact that Plaintiff was bruised, had red marks on his face, and was bleeding around the wrist.  However, Defendant Bauer did not take Plaintiff's vital signs and left him in pain.  (Compl. at 6.)  These allegations are clearly insufficient to establish an Eighth Amendment claim.  As set forth above, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation.  See Gamble, 429 U.S. at 105-07; Sanchez , 891 F.2d at  242; Shapley, 766 F.2d at 407.  Thus, the Court finds that the Complaint fails to state a claim based on deliberate indifference to serious medical needs.

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before July 26, 2013, why his *in forma pauperis* application should not be denied.  If Plaintiff still wishes to pursue this action, he shall also have until July 26, 2013, to file an amended Complaint, attempting to cure the aforementioned defects.  The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.

Failure to comply with the requirements of this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted, for failure to prosecute, and/or for failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-804-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Roberto Mejia Leveron v. Cynthia Tampkins, et al.** | | |

cc: All Parties of Record

                                                    Initials of Deputy Clerk    D.C.